USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/2019

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
EXPERTCONNECT, LLC,                                           :
                                                              :
                              Plaintiff,                      :     18 Civ. 4828 (LGS)
                                                              :
              -against-                                       :     ORDER
                                                              :
MAYOKIA FOWLER, et al.,                                       :
                                                              :
                              Defendants.                     :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 18, 2019, and December 19, 2019, the parties emailed to the Chambers inbox their respective submissions regarding Plaintiff's application to extend the preliminary injunction;

WHEREAS, the Court has reviewed the submissions and the parties' stated bases for publicly filing some of the submissions with redactions of confidential information and others under seal. It is hereby

**ORDERED** that the parties' proposed redactions and requests to file certain information under seal are accepted. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The proposed redactions are narrowly tailored and necessary to prevent the unauthorized dissemination of sensitive business information, and to avoid competitive disadvantage. *See, e.g.*, *Hesse v. Sungard Sys. Int'l*, No. 12 Civ. 1990, 2013 WL 174403, at *2

(S.D.N.Y. Jan. 4, 2013) (sealing emails that "include sensitive client information and proprietary business information, including *inter alia*, the company's billing rates and project pricing"); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 Civ. 6100, 2012 WL 3114855, at *16 (S.D.N.Y. Jul 31, 2012) (sealing "confidential employment information, the disclosure of which could affect future contract negotiations" and "confidential business information . . . the disclosure of which would cause competitive harm").  It is further

**ORDERED** that the parties shall file their unredacted and sealed submissions regarding Plaintiff's application to extend the preliminary injunction under seal with the Clerk of Court no later than **December 24, 2019**.  The parties are reminded that even materials already filed on the docket in redacted form must be filed in unredacted form with the Clerk of Court.

Defendant is reminded that, pursuant to the Court's Individual Rules, emails that include unredacted material shall highlight all the proposed redactions.

New York, New York
Dated:  December 20, 2019

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**