UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :
EXPERTCONNECT, LLC,                         :
                               Plaintiff,   :
                                                         :        18 Civ. 4828 (LGS)
                  -against-              :
                                                         :        OPINION & ORDER
MAYOKIA FOWLER, et al.,                   :
                                                         :
                                       Defendants.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

This action concerns alleged violations of the Defend Trade Secrets Act ("DTSA") and various New York state law claims. Plaintiff ExpertConnect, LLC timely filed an application to extend a preliminary injunction first issued on July 26, 2018, against Defendants Mayokia Fowler, Dipali Parmar and Strafluence, LLC. Plaintiff also seeks to expand the preliminary injunction's scope and to obtain the injunction pursuant to its claims for unfair competition and tortious interference. For the following reasons, Plaintiff's applications are denied.

## Background

On June 8 and 28, 2018, a hearing was held on Plaintiff's motion for preliminary injunction. At the hearing, Plaintiff offered credible evidence that Defendants Fowler and Parmar accessed ExpertConnect's proprietary information and, in close proximity, accessed personal computer storage drives. This "very powerful circumstantial evidence of misappropriation of trade secrets" was sufficient to deem that Plaintiff was likely to succeed on the merits. Irreparable harm was presumed, and it was held in the public interest to issue an injunction that protects a company's proprietary information from employees who violate non-disclosure agreements covering that information. Accordingly, Plaintiff's motion was granted.

Defendants filed a motion for reconsideration, arguing that irreparable harm should not be presumed. Though the motion was granted, Defendants application to reverse the preliminary injunction was denied. The basis for finding irreparable harm, upheld by the Second Circuit, was that Defendants' actions would impair ExpertConnect's goodwill and reputation. *See ExpertConnect, LLC v. Parmar*, 773 F. App'x 651, 653 (2d Cir. 2019).

After direction from the Second Circuit to ensure that the injunction complies with Federal Rule 65(d), the injunction was re-issued on August 15, 2019, stating that "the restrictions, prohibitions, and mandatory conditions set forth in the preceding paragraphs of this Order (injunctive relief) shall expire on November 30, 2019 (the end date of the non-disclosure agreement that Defendants each entered with Plaintiff, *see* at Dkts. 9-2 and 9-3), but this temporal limitation, is applied without prejudice to an extension (upon Plaintiff's motion)." The parties' knowledge of the facts is otherwise assumed for purposes of this Opinion.

## Standard of Review

Preliminary injunctions are categorized as prohibitory or mandatory. "Prohibitory injunctions maintain the status quo pending resolution of the case; mandatory injunctions alter it." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 36 (2d Cir. 2018). The relief Plaintiff seeks is in part the continuation of a mandatory injunction, as the requested relief includes enjoining Defendants from continuing to solicit or accept business from Plaintiff's clients. A party seeking a mandatory preliminary injunction must show (1) "a clear or substantial likelihood of success on the merits"; (2) "a strong showing of irreparable harm"; and (3) "that the preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis P.L.C.*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks omitted). The motion must be denied if Plaintiff fails to meet any of the three elements. *Id*.

### Plaintiff Demonstrates a Clear or Substantial Likelihood of Success on the Merits

To state a claim for trade secret misappropriation under the DTSA, a plaintiff must plausibly allege that (1) it possessed a trade secret, and (2) the defendant misappropriated the trade secret. 18 U.S.C. § 1836(b)(1). The submissions do not appear to refute that Plaintiff's information was a trade secret when the non-disclosure agreement was in effect.

Plaintiff offers testimony that Defendants misappropriated ExpertConnect's trade secrets, specifically its data and research on existing and prospective clients and on experts. The testimony notes that the information Defendants possess is nearly identical to ExpertConnect's information. And the testimony asserts -- building on evidence from the June 2018 hearing -- that Defendants Parmar and Fowler extracted this information from ExpertConnect's computers before leaving the company. Plaintiff also offers documentary evidence showing that Strafluence's client list includes information that ExpertConnect also possesses, and that Defendants solicited ExpertConnect clients.

Plaintiff's evidence that Defendants possess information nearly identical to Plaintiff's trade secrets reinforces the "very powerful circumstantial evidence of misappropriation" established at the June 2018 hearing. Defendants' evidence, which suggests that some of Strafluence's information on clients and experts could have come from public resources, does not overcome the circumstantial evidence that suggests that this information came from ExpertConnect's computers.

### Plaintiff Fails to Demonstrate Irreparable Harm

"[T]o satisfy the irreparable harm requirement, plaintiff[] must demonstrate that absent a preliminary injunction [it] will suffer an injury that . . . cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d

110, 118 (2d Cir. 2009). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Id.* (internal quotation marks omitted). "[W]here there is no danger that a misappropriator will disseminate proprietary information, the only possible injury that the plaintiff may suffer is a loss of sales to a competing product which should be fully compensable by money damages." *Id*. at 119 (internal quotation omitted); *see also Espiritu Santo Holdings, LP v. L1bero Partners, LP*, 19 Civ. 3930, 2019 WL 2240204, at *21 (S.D.N.Y. May 14, 2019) ("Where a misappropriator seeks only to use those secrets—without further dissemination or irreparable impairment of value—in pursuit of profit . . . an award of damages will often provide a complete remedy") (italics in original omitted) (quoting *Faiveley Transp. Malmo AB*, 559 F.3d at 118-19). Here, Plaintiff must establish that it will be irreparably harmed if an injunction is not in place from now until this case concludes.

Plaintiff fails to demonstrate that Defendants have disseminated or intend to disseminate Plaintiff's proprietary information. Instead, Plaintiff offers evidence that Defendants have used and intend to continue using the trades secrets to compete for business in an unfair way. As this is a business injury, and no evidence is presented that Defendants intend to disseminate the proprietary information, the injury of lost sales can be "fully compensable by money damages," and a preliminary injunction is not appropriate. *Faiveley Transp. Malmo AB*, 559 F.3d at 119; *see also id*. at 119 ("Indeed, once a trade secret is misappropriated, the misappropriator will often have the same incentive as the originator to maintain the confidentiality of the secret in order to profit from the proprietary knowledge").

Plaintiff renews its argument that Defendants' use of the trade secrets would impair ExpertConnect's goodwill and reputation. When making the initial application, Plaintiff introduced testimony explaining how Strafluence's use of the trade secrets caused confusion

about who had access to certain information about experts and clients and enabled Strafluence to present negative information about ExpertConnect to clients. Given the importance of confidentiality in the expert network industry, the credible evidence that clients and experts could become aware of Strafluence's misappropriation and use of ExpertConnect's trade secrets was sufficient to find, at that time, irreparable harm.

Despite its argument about harm to reputation, Plaintiff's evidence, in the form of declarations in support of the extension, focuses on lost sales and lost customers as the source of the harm. Plaintiffs recount multiple instances of Defendants' use of ExpertConnect's trade secrets, resulting in lost customers or reduced sales. But Plaintiffs do not submit similar evidence of reputational harm resulting from clients' and experts' loss of confidence in ExpertConnect's ability to protect its proprietary information. Plaintiff's sole evidence of reputational harm is one declarant's assertion that, "[i]f Defendants are able to walk into the offices of ExpertConnect's clients, armed with ExpertConnect's confidential information about those clients, such reprehensible conduct will continue to cause irreparable harm to ExpertConnect's reputation *and its ability to keep those clients*." In other words, the alleged harm to reputation is ultimately about lost sales and lost clients. Plaintiff has not made the necessary strong showing of harm that cannot be remediated with damages.

## Conclusion

For the foregoing reasons, Plaintiff's application to extend the preliminary injunction is DENIED. For the same reasons, Plaintiff's application to expand the scope of the preliminary injunction is DENIED. As Plaintiff has failed to demonstrate irreparable harm, the application to grant the injunction on alternate grounds is also DENIED.

Dated: January 6, 2020
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE